**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **12-04833-hb**

**Order**

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**05/28/2013**



US Bankruptcy Judge
District of South Carolina

Entered: 05/29/2013

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>John Perry Jones,<br><br>Debtor(s). | C/A No. 12-04833-HB<br><br>Chapter 13<br><br>**ORDER** |

  **THIS MATTER** comes before the Court for consideration of Chapter 13 Trustee Gretchen D. Holland's Petition to Dismiss.[1] Gina R. McMaster, counsel for debtor John Perry Jones ("Jones"), filed an Objection.[2] The Trustee's petition alleges that Jones is over the jurisdictional limits of 11 U.S.C. § 109(e)[3] and is therefore ineligible for Chapter 13 relief.

## FACTS

  Jones filed a Chapter 13 bankruptcy petition on August 6, 2012.[4] At the time of filing, Jones' schedules listed secured debt in the amount of $146,248.00, priority debt totaling $26,699.63 and general unsecured debt in the amount of $306,948.00.[5] Schedule B disclosed Jones' 100% ownership interest in JPJ Development, LLC ("JPJ") and valued that interest at $122,000.00.[6] Schedule D indicated that the $146,248.00 secured debt total included an $112,903.00[7] mortgage debt owed to GrandSouth Bank ("GrandSouth"), secured by real

---

[1] Doc. No. 25, filed February 27, 2013.
[2] Doc. No. 26, filed March 27, 2013. *See also* Doc. Nos. 31 and 33.
[3] Further references to the United States Bankruptcy Code will be by section number only.
[4] Doc. No. 1, filed August 6, 2012.
[5] Doc. No. 7, filed August 20, 2012. Several of the listings included a check mark in the "co-debtor" box on the official form and the listing of co-debtors on Schedule H includes JPJ Development LLC for 7 significant debts.
[6] *Id.* Jones described the interest in JPJ as follows: "Debtor is owner and operator of JPJ Development LLC. JPJ Development LLC is a General Contractor. JPJ Development LLC has no account receivables at the time of filing. Debtor uses his personal equipment in the operation of this business. JPJ Development LLC owns (2) properties: first property: House and lot located at 2119 Woodside Ave, Anderson SC 29625; tax value: $129,610.00; Debtor's estimated value: $120,000.00; Second property: lot located at 1938 Inman Drive, Anderson SC; Tax value: $10,000.00; Debtor's estimated value: $2,000.00."
[7] The Trustee's brief notes that while Jones scheduled the debt totaling $112,903, GrandSouth's proof of claim shows the total amount to be $108,368. As a result, the Trustee used the lower amount in her calculations. The claim attaches a copy of the mortgage.

property located at 2119 Woodside Avenue, Anderson, South Carolina. However, as the schedules indicate, the property is deeded in the name of JPJ. JPJ executed the mortgage pledging its property to secure the debt and the schedules indicate Jones signed a personal guaranty on the note. Jones uses the real property as his personal residence. Although Jones is the debtor in this case and he does not own the collateral, GrandSouth filed a secured claim for the mortgage debt and did not object to the plan that proposes to cure the arrearages due on the mortgage note. Jones' schedules indicate that at the time this case was filed there was pending litigation initiated by GrandSouth against JPJ and Jones and a foreclosure sale was scheduled for August 7, 2012.

At least eleven judgment liens are disclosed on Jones' schedules and of those seven are against both Jones and JPJ. As Jones' name is not on the deed to the real property, judgments against him are listed as unsecured and treated as unsecured debts in the proposed plan. Since JPJ is not an individual and cannot be a debtor in this or any Chapter 13 case, the plan does not address any judgment liens against JPJ that may attach to GrandSouth's collateral (JPJ's property) or any other assets titled in JPJ's name.

As a result of his possession of the property, because he is the sole owner of JPJ, and because Jones signed a guaranty of the JPJ debt to GrandSouth, Jones claims an equitable interest in the real property. Following the hearing on the Petition to Dismiss, Jones filed an amended Schedule B to claim an equitable interest in the residence, valuing his interest at $120,000.[8] Both parties agree that Jones has some form of equitable interest and there has been

---

[8] Doc. No. 34, filed May 10, 2013. The amendment moved the $120,000 figure from line 13 "Stock and interest in incorporated and unicorporated businesses" which included JPJ, to line 19 "Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A-Real Property."

2

no objection to the proposed plan treatment for GrandSouth.[9] However, Trustee argues that for § 109(e) eligibility purposes, the note to GrandSouth is not "secured" to the extent it is secured by property owned by JPJ, a third party, rather than Jones himself and that Jones' equitable interest is insufficient to secure the debt. As a result, Trustee asserts that the case must be dismissed because Jones exceeds the unsecured jurisdictional limits for Chapter 13.[10] In response, Jones' counsel argues that "with a wholly owned corporation and an equitable interest, the debt owed to GrandSouth is fully secured."[11] The parties further disagree regarding whether the debt should be considered noncontingent or liquidated if it is deemed to be unsecured.

## DISCUSSION AND CONCLUSIONS OF LAW

Pursuant to § 109(e) "only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 . . . may be a debtor under chapter 13 of this title."[12] For Chapter 13 relief, it is clear that only *individuals* qualify.

The Bankruptcy Code does not define either "noncontingent" or "liquidated," however, most courts have held that "a debt is noncontingent if all of the events necessary to give rise to liability for it take place prior to the filing of the petition." *In re Sappah*, 2012 WL 6139644 (Bankr. E.D.N.C. Dec. 11, 2012). Counsel for Jones asserts that the debt is contingent because "the guarantee gives a creditor a claim on the debtor when and only when the principal obligor

---

[9] 11 U.S.C. § 1322 provides that "the plan may . . . provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or any secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]"

[10] Trustee calculates the total unsecured debt to be $442,016.00 (calculated as follows: $306,948.00 Schedule F total general unsecured debt + $26,700.00 Schedule E total priority unsecured debt + 108,368.00 GrandSouth mortgage debt = $442,016.00 total unsecured debt). *See* Doc. No. 31, filed May 1, 2013.

[11] Doc. No. 33, filed May 7, 2013.

[12] The unsecured debt limit as of the date the petition was filed was $360,475.00. The Court notes that the debt limit increased to $383,175.00 for cases filed on or after April 1, 2013.

3

defaults."[13]  In South Carolina, pursuant to a guaranty a "creditor may maintain an action against the guarantor immediately upon default of the debtor." *Citizens & S. Nat. Bank of S. Carolina v. Lanford*, 313 S.C. 540, 543, 443 S.E.2d 549, 550 (1994).  Here, the principal obligor JPJ has defaulted given the prepetition foreclosure action and anticipated sale.  Therefore, the debt is noncontingent.

A debt is considered "liquidated" if the "amount is readily ascertainable." *In re Glance*, 487 F.3d 317 (6th Cir. 2007) (citations omitted); *see also* 2 Collier on Bankruptcy § 109.06(2)(c) (rev. 15th ed. 2006).  "In determining whether the amount owed is easily ascertainable, such that the debt is liquidated, it is enough that a minimum claim amount can easily be determined." *In re Sappah*, 2012 WL 6139644 at *5. Unless the parties' agreement contains a requirement that the creditor liquidate the collateral before seeking payment in full from the debtor, the debtor's liability under the debt is not considered unliquidated simply because no foreclosure sale has yet occurred. *Id.*  In this case, the mortgage documents attached to GrandSouth's Proof of Claim do not contain such a requirement.  The guaranty was not admitted into evidence or attached to the Proof of Claim.  The debtor bears the burden of proof for § 109(e) eligibility, and no evidence has been submitted to demonstrate that the guaranty included such a requirement.  Further, Jones' schedules did not challenge the nature of the debt by checking the "unliquidated" or "contingent" options therein.

The Bankruptcy Code does not specifically define "unsecured debt" or "secured debt," however, the Supreme Court has found that the "definition of 'debt' as a 'liability on a claim' reveals Congress' intent that the meanings of 'debt' and 'claim' be coextensive." *Pennsylvania Dep't of Public Welfare v. Davenport,* 495 U.S. 552, 557–58, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) (superseded by statute in *Johnson v. Home State Bank*, 501 U.S. 78, 111 S. Ct. 2150, 115

---

[13] Doc. No. 33, filed May 6, 2013.

4

L. Ed. 2d 66 (1991)). As a result, this examination of § 109(e) requires reference to the "secured claim" language in § 506(a) that provides that an "allowed claim of a creditor by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property." Additionally, pursuant to § 506(a) a claim "is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim."

Counsel for Jones argues that GrandSouth's debt is a secured debt since Jones owns the corporation that owns GrandSouth's collateral and because Jones currently has possession of the property. However, "[u]nder South Carolina law, a corporation is an entity, separate and distinct from its officers and stockholders." *In re Jones*, C/A No. 10–00724–jw, slip op. at 4 (Bankr. D.S.C. Mar. 31, 2010) (citing *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 683 (4th Cir.1976)); *see also*, S.C. Code Ann. § 33–44–201 (2009) ("A limited liability company is a legal entity distinct from its members."). The members of an LLC "have no property interest in property owned by [the LLC]." Comment to S.C. Code Ann. § 33–44–501. Instead, a member holds a distributional interest in the LLC. S.C. Code Ann. § 33–44–501. Therefore, while Jones may have an equitable interest in JPJ that is property of the estate pursuant to § 541(a), the property owned by JPJ is not his property.

Counsel also argues that Jones has a resulting trust interest in the property. Even assuming there is an equitable interest through Jones' possession of the residence or via a resulting trust, under § 506(a), the claim can only be secured "to the extent of the value of creditor's interest in the estate's interest in such property." Here, beyond mere possession, the estate's interest in the property appears valueless and nonexistent. Jones' interest in JPJ's interest in the property is inferior to that of JPJ's creditors, both secured and unsecured. Jones'

5

schedules indicate judgments against JPJ beyond the scheduled value of the property, after considering the balance of the first mortgage. On these facts, Jones' interest in the property has no value as defined by § 506(a).

Counsel for Jones suggests that the Court should only look to the face of the schedules at the time of filing for purposes of § 109(e) eligibility. "[I]t is appropriate for a court considering eligibility to rely primarily upon a debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith." *Comprehensive Accounting Corp. v. Pearson (In re Pearson)*, 773 F.2d 751, 756 (6th Cir. 1985). However, "the court should neither place total reliance upon a debtor's characterization of a debt nor rely unquestionably on a creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor." *In re Barcal*, 213 B.R. 1008, 1014 (8th Cir. BAP 1997) (citations omitted). The unsecured debt totals provided by Jones on his initial schedules indicate that he was approaching the debt limit of 109(e) before considering the nature of the debt to GrandSouth. From a closer review of Jones' schedules as a whole as discussed above, it is apparent that the debt owed to GrandSouth is unsecured as to Jones.

Finally, counsel for Jones argues that the Trustee's failure to challenge Jones' eligibility until six months after filing is inappropriate. However, "the bankruptcy code and rules do not place time limits on filing a motion to dismiss based on eligibility. Nowhere in 11 U.S.C. § 1307(c) is a time limit set for filing a motion to dismiss, nor is there a time limit set in 11 U.S.C. § 109(e) for determining eligibility." *In re Setelin*, 218 BR 818, 820 (E.D.Va 1998).

Jones' noncontingent, liquidated, unsecured debts exceed $360,475.00 and therefore he is not eligible to be a debtor under Chapter 13.

**IT IS THEREFORE, ORDERED, THAT**:

6

1. Pursuant to 11 U.S.C. § 109(e) the above captioned debtor is not eligible for Chapter 13 relief; and

2. If this case is not converted to a case under another chapter within fourteen (14) days from entry of this Order, the Chapter 13 Trustee may submit a request for dismissal without further notice or hearing.